**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Hayder Abduljabbar, | Civil. No. 14-3583 (ADM/JSM) |
| Plaintiff, | |
| v. | |
| Minnesota Department of Transportation (MN/DOT); Charles A. Zelle, Commissioner of Minnesota Department of Transportation (MN/DOT); Robert Langanki, Direct Rochester Area Maintenance Supervisor; Laurie Steiger, Defendant Investigator; Patty Ackdahl, District 6 Administrative Manager; David Redig, District 6 Maintenance Superintendent; Jeff Valaminck, District 6 Engineer; Doungdy Kong, Second District Supervisor (Rochester Area); Joseph Fogarty, Team Leader and a Supervisor Starting Sep. 2013; and Tracey Taylor, CoWorker; | **REPORT AND RECOMMENDATION** |
| Defendants. | |

---

### INTRODUCTION

Plaintiff has filed a Complaint seeking redress for Defendants' alleged violations of federal employment discrimination laws. (Doc. No. 1.) Along with the Complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* ("IFP"), which is now before the Court. (Doc. No. 2.) Because Plaintiff filed an IFP application, his Complaint is subject to an initial screening under 28 U.S.C. § 1915 to determine whether the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). For the reasons below, pursuant to 28 U.S.C. § 636 and Local Rule

72.1, this Court recommends that the Complaint be summarily dismissed in part for failure to state a claim against the individual supervisors and co-workers Plaintiff has named as Defendants in this action. The Court further recommends that this action proceed only against Plaintiff's former employer, the Minnesota Department of Transportation, and that his IFP application be granted.

## BACKGROUND

Plaintiff brings this employment-discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, asserting: (1) that he was harassed on the basis of his national origin; and (2) that his employer failed to promote him and ultimately terminated his employment in retaliation for his complaints about being harassed. (*See* Doc. No. 1 ("Compl.") ¶¶ 3.a., 8, and 9.) Before he filed this lawsuit, Plaintiff submitted a charge with the Equal Employment Opportunity Commission and obtained a Notice of Right to Sue on June 30, 2014. (Compl. ¶¶ 6-7; *id.* at 15 (June 30, 2014 Notice of Right to Sue Within 90 Days).) The Notice of Right to Sue informed Plaintiff that he has a "right to institute a civil action under Title VII . . . against the [Minnesota Department of Transportation]." (Comp. at 15.)

In his Complaint, Plaintiff has named the Minnesota Department of Transportation ("MNDOT") as a Defendant. Plaintiff alleges that he began working for MNDOT as a Transportation Associate in August 2012. (Compl. ¶ 10.) He states that he was harassed on the basis of his national origin as an Iraqi, and when he complained about the harassment, his employer retaliated against him. (*Id.*) Plaintiff alleges that just after he complained about the harassment, MNDOT retaliated against him by extending his period of probationary employment a mere thirteen days before he

was to receive a promotion, and by terminating his employment on October 14, 2013. (*Id.*)

Plaintiff has also sued several individuals he identifies as former supervisors and co-workers for their allegedly discriminatory acts, which he describes in varying degrees of detail. For example, Plaintiff alleges that his supervisor and "team leader," Defendant Joe Fogarty, falsely accused Plaintiff of speeding in a MNDOT vehicle, referred to Plaintiff as an "'Iraqi insurgent or mercenary,'" threatened to kill Plaintiff when he complained about Fogarty's comments, swore at Plaintiff and referred to him as "stupid," and concocted a scheme at a job site so that Plaintiff would be punished for absenteeism. (Compl. ¶¶ 11-12, 15-16, 18-20.) Plaintiff also names a co-worker, Tracey Taylor, as a Defendant, and appears to allege that she was also involved in accusing him of speeding in a MNDOT vehicle. (*Id.* ¶ 11.)

Plaintiff asserts that another supervisor, Defendant Robert Langanki, sided with Fogarty when Plaintiff raised complaints about Fogarty's behavior. He also alleges that Langanki showed favoritism to Fogarty because Fogarty's uncle is Langanki's close friend. (Compl. ¶ 17.)

Further, Plaintiff alleges that Defendant David Redig, who is Langanki's supervisor, was also present at a meeting addressing Plaintiff's complaints regarding Fogarty's behavior. Redig apparently showed favoritism to Fogarty as well. (Compl. ¶ 17.)

Plaintiff also appears to claim that Defendant Laurie Steiger, who acted as MNDOT's investigator on Plaintiff's discrimination complaints, conducted an inadequate investigation. He alleges that Steiger erroneously recorded the date that Plaintiff began

making complaints about discrimination so that it would appear that the extension of Plaintiff's probation was non-retaliatory. (*See* Compl. ¶¶ 21, 24.) Plaintiff further states that Steiger documented the facts concerning Plaintiff's claims of discrimination in a manner that was designed to cover up MNDOT's retaliation against him. (*Id.* ¶ 27.) Plaintiff also appears to allege that Steiger issued a report that was critical of Plaintiff's work, but he claims this was inconsistent with his previous three performance appraisals. (*Id.* ¶ 22.)

Another individual Plaintiff has named as a Defendant is Patty Ackdahl, identified in the Complaint as an "Administrative Manager," and Plaintiff asserts that she "played a big role in discrimination (retaliation) against Plaintiff." (Compl. ¶ 21.) However, all Plaintiff says about Ackdahl is that he left her a message regarding his discrimination complaints, and when he asked for a transcript of that message, his employer never provided one. (*Id.*)

Defendant Jeff Valamnick, identified in the Complaint as the "District 6 Engineer," allegedly met with Plaintiff and Steiger to discuss Plaintiff's complaints of discrimination. (Compl. ¶ 28.) According to Plaintiff, Valamnick told him that because MNDOT had invested money in Plaintiff's employment, MNDOT wanted to keep him around as an employee. However, Valamnick refused to consider Plaintiff's references to another employee who "suffered the same discrimination from the same defendant for 7 years" and would not consider that other employee as a witness in support of Plaintiff's complaints. (*Id.*)

Plaintiff also asserts that Defendant Doungdy Kong, identified in the Complaint as the "Maintenance Second Supervisor," was involved in Defendant Fogarty's attempts

4

to make it appear that Plaintiff was absent from work when he was present. (Compl. ¶ 29.) Plaintiff further asserts that Defendant Kong repeatedly told Plaintiff to show up for an important meeting on October 14, 2013, but no meeting took place that day, when Plaintiff was fired from employment with MNDOT. (*Id.*)

Although Plaintiff names Charles A. Zelle, Gabe Perkins, and Scott Allen as Defendants, he has not described the roles any of these individuals played in any allegedly discriminatory act. (*See* Compl. ¶ 2.a. (containing the only reference to Charles A. Zelle in the pleading other than in the caption); *id.* at 14, ¶ 2.i. (containing the only reference to Scott Allen other than in the caption); *id.* ¶ 21 (mentioning Gabe Perkins, but stating only that Plaintiff sent a letter to Perkins on August 15, 2013 regarding his complaints).)

Based on the above allegations, Plaintiff seeks reinstatement of employment with a different state agency, compensatory damages including lost wages and back pay, punitive damages, liquidated damages, prejudgment interest, and reimbursement of expenses and costs. (Compl. at 7 (Request for Relief).)

## DISCUSSION

### I.   Legal Standard

The Court will deny an IFP application and dismiss the plaintiff's claims when the complaint fails to state a claim for which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Although the Court will construe a *pro se* pleading liberally in assessing whether it states a claim, the complaint must still allege some historical facts, which, if proven true, would entitle the plaintiff to some legal remedy against the named defendant or

defendants under some cognizable legal theory. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

As best this Court can discern, Plaintiff is attempting to bring two distinct claims under Title VII: (1) that he was subjected to harassment because of his national origin, thus creating a hostile work environment; and (2) that he was retaliated against for complaining about being harassed because of his national origin.  To state a plausible claim that he was subjected to a hostile work environment on the basis of national origin a plaintiff must show: (1) membership in a protected group; (2) the occurrence of unwelcome harassment; (3) that the harassment was based on national origin; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that his employer knew or should have known of the harassment and failed to take proper action.  *See Sallis v. Univ. of Minn.*, 322 F. Supp. 2d 999, 1008 (D. Minn. 2004) (listing elements of a hostile work environment claim).  To state a Title VII retaliation claim, a plaintiff must show: (1) he engaged in a protected activity, (2) he subsequently suffered an adverse employment action, and (3) a causal connection exists between the adverse employment action and the protected activity.  *See Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 634 (8th Cir. 2000) (listing elements of retaliation claim).

## II.     Plaintiff's Claims Against Individual Defendants

Title VII claims, such as the claims Plaintiff asserts in this case, are applicable to employers, not to individuals.  *See Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) (noting that Title VII provides for actions against employers and not

supervisors); *Powell v. Yellow Book USA*, 445 F.3d 1074, 1079 (8th Cir. 2006) ("Title VII addresses the conduct of employers only and does not impose liability on co-workers[.]"); *Saffari v. St. Cloud Univ.*, Civil No. 13-30 (MJD/LIB), 2014 WL 3955719, at * (D. Minn. Aug. 13, 2014) ("Plaintiff's Title VII claims against [an individual defendant] are barred because Title VII does not permit individual supervisor liability."); *Breen v. Norwest Bank Minn., N.A.*, 865 F. Supp. 574, 578 (D. Minn. 1994) ("Title VII does not impose individual liability on employees."). Plaintiff does not allege that any of the individual Defendants were his employer. Instead, the facts in the Complaint show that the individual Defendants are either Plaintiff's former supervisors or coworkers against whom no claims are permitted under Title VII. As a matter of law, therefore, Plaintiff has failed to state a claim against any of the individual Defendants. Accordingly, this Court recommends that the following individual Defendants be dismissed from this action: Charles A. Zelle, Robert Langanki, Laurie Steiger, Patty Ackdahl, David Redig, Jeff Valaminck, Doungdy Kong, Gabe Perkins, Scott Allen, and Tracey Taylor.[1]

### III. Plaintiff's Claims Against MNDOT

The Court will not recommend dismissal of Plaintiff's claims against his former employer MNDOT. In reaching this conclusion, the Court makes no findings or conclusions about the merits of Plaintiff's claims against MNDOT. Nor does the Court

---

[1] The Court also notes that even if Plaintiff were permitted to sue individual co-workers and supervisors for employment discrimination under Title VII, his Complaint fails to state a claim against several of the individuals he has named as Defendants because he simply includes no substantive allegations against them. For example, he alleges nothing that could form an actionable claim for relief against Charles Zelle, Gabe Perkins, or Scott Allen because he says nothing about those individuals' conduct at all. Plaintiff's allegations regarding Patty Ackdahl are also lacking; he alleges nothing about her conduct at all. Instead, he asserts only that he left a voicemail message for Ackdahl and never received a transcript of that message from his employer when he requested one. This would be insufficient to state a claim for relief under Title VII.

intend to prevent Defendant MNDOT from presenting any pre-answer motion or other defense it may choose to file once it has been served.

## IV.  Plaintiff's IFP Application

Having determined that Plaintiff's claims against MNDOT need not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court turns to Plaintiff's IFP application.  In accordance with 28 U.S.C. § 1915, this Court recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) be granted. This Court further recommends that the Clerk issue Summons and the United States Marshal serve Defendant MNDOT, as directed by Plaintiff, with a copy of the Complaint, the Summons, this Report and Recommendation, and any Order of the District Court adopting this Report and Recommendation.  Should the District Court adopt this Report and Recommendation, this Court further recommends that all costs of service shall be advanced by the United States.

## RECOMMENDATION

Based on the above, and on all the records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1.  The following individuals be **DISMISSED** from this action as Defendants because the Complaint fails to state a claim against them as a matter of law: Charles A. Zelle, Robert Langanki, Laurie Steiger, Patty Ackdahl, David Redig, Jeff Valaminck, Doungdy Kong, Gabe Perkins, Scott Allen, and Tracey Taylor;

2.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) be **GRANTED**; and

3. The Clerk issue Summons and the United States Marshal serve Defendant MNDOT, as directed by Plaintiff, with a copy of the Complaint, the Summons, this Report and Recommendation, and any Order of the District Court adopting this Report and Recommendation, and all costs of service be advanced by the United States.

Date:   October 2, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 23, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.